In re SOUTHERN FLORIDA REALTY CORPORATION.

(District Court, S. D. Florida. November 3, 1926.)

No. 3012.

On Petition of Trustee in Deed of Trust to Foreclose Lien.

1. Bankruptcy ⚖=214—Bankruptcy court will protect interest of lienholder equally with that of unsecured creditors.

Although bankruptcy court will take proper measures to protect the interest of unsecured creditors of bankrupt, lienholder is also entitled to have his interest equally protected.

On Petition by Trustee in Bankruptcy to Set Aside Previous Order Allowing Trustee under Deed of Trust to Foreclose.

2. Bankruptcy ⚖=213—Lienholders will not be permitted to foreclose on bankrupt property, where evidence shows property, if sold with other property of bankrupt, would pay mortgage and leave sum for unsecured creditors.

Under evidence showing that bankrupt property covered by deed of trust was necessary part of other property belonging to bankrupt, and, if sold together, would pay mortgage and leave substantial sum for unsecured creditors, lienholders will not be permitted to foreclose trust deed.

3. Bankruptcy ⚖=262(3)—Bankruptcy court may order property sold clear of all liens.

Bankruptcy court has right to order property sold clear of all liens, which can be done intelligently only after liens have been ascertained.

In Bankruptcy. In the matter of the Southern Florida Realty Corporation, bankrupt. On petition by trustee to set aside order permitting trustee in trust deed to foreclose on bankrupts' property. Order granting permission to foreclose set aside, with directions.

Edwin T. Osteen, of West Palm Beach, Fla., for bankrupt.

Kay Adams, Ragland & Kurz, of Jacksonville, Fla., for trustee.

On Petition of Trustee in Deed of Trust to Foreclose Lien.

CALL, District Judge. This cause comes on for a hearing upon the petition of Ralph D. Kaufman, as trustee in a deed of trust securing an issue of bonds outstanding, aggregating $4,200,000 and drawing interest at 6½ per cent., for leave to file his bill in this court to foreclose his lien. Objections were filed by the trustees in bankruptcy, appointed at the meeting of creditors.

The secured debts approximate $5,000,-

000, and the unsecured debts approximate another $1,000,000. The trustees claim that the cost of the hotel and buildings upon the land of the bankrupt was more than the bonds secured by the deed of trust; the furnishing cost is in addition to the cost of the buildings and approaches the $1,000,000 mark. In addition is the value of the land upon which the buildings stand. The main building is a high-class winter hotel.

[1] While the bankruptcy court will take the proper measures to protect the interest of the unsecured creditors of the bankrupt, yet the lienholder is also entitled to have his interests equally protected. In the present case the interest charges upon the secured debt will be approximately $250,000 a year, and interest on the unsecured debts also a large amount. Under the circumstances of this case, is this court justified, on the facts appearing in the petition and objection by the trustees, in withholding permission to file the bill? I think not. It is true the trustees intimate in the objections filed that there is some defect in the deed of trust or amount of bonds secured thereby; these questions can be litigated in the foreclosure suit, to which the trustees will be necessary parties, as conveniently and expeditiously as in the bankruptcy proceedings. If there is any possibility of making a sale of the bankrupt estate for sufficient to pay off the liens and leave a balance for the general creditors, this possibility continues up to the day of sale under a foreclosure decree; whereas, if leave to file the bill is denied, after the lapse of possibly months and accrual of interest upon the secured debt, the mortgagee would still be obliged to proceed as he now petitions for leave to do. In the meantime the mortgaged property is subject to deterioration and possibly destruction.

I am constrained, therefore, to grant the petition of Ralph D. Kaufman, as trustee. It will be so ordered.

Halsted L. Ritter, of West Palm Beach, Fla., for petitioners.

On Petition by Trustee in Bankruptcy to Set Aside Previous Order Allowing Trustee under Deed of Trust to Foreclose.

CALL, District Judge. This cause comes on to be heard upon the petition of the trustees in bankruptcy to set aside the order of September 29, 1926, allowing Ralph D. Kaufman, as trustee, to foreclose a deed of trust upon the property of bankrupt. The petition, among other things, alleges the formation of a corporation, known as the South-

ern Florida Operating Company, to build certain buildings for the purpose of housing the employees of the hotel erected by the bankrupt; that the stock in the last-named corporation is held and owned by the same parties holding and owning the stock in the bankrupt; that the last-named corporation was adjudicated a bankrupt some three days after the adjudication of the bankrupt, and the petitioners are the trustees for each of said bankrupts; that the two causes have been consolidated before the referee; that it was necessary to the operation of said hotel that there should be used in connection therewith adequate housing facilities for the employees of the hotel, and garage and laundry facilities, and this was done by the Southern Florida Operating Company; that the hotel, employees' quarters, garage, and laundry constitute one complete unit, and each is necessary to the successful operation of the hotel; that, in order to obtain a reasonable value for the property, it must be sold together; that upon each of the buildings and grounds on which they stand are mortgages, trust deeds, and lien claims, the validity and priority of which must be adjudicated, before the petitioners can procure an adequate price for same; that the property so united and sold will bring a sum largely in excess of the mortgages, trust deeds, and liens thereon, and leave a substantial sum for the unsecured creditors of the bankrupts, but, if sold in independent suits and separately, there will be a great loss to the estates; that petitions by other lienholders upon the properties to bring independent suits to foreclose their liens have been filed and are pending; that the interest on the Kaufman, trustee, bonds was guaranteed by one G. M. Hecksher, president of each of the bankrupts, and he is a man of ample means to meet the obligations; that the properties exceed in value to a large amount the liens thereon.

Ralph D. Kaufman, trustee, resisted the petition to set aside and grant a rehearing by a motion to deny the petition.

[2,3] This petition is addressed to this court, sitting as a court of bankruptcy. The motion to deny is based upon grounds some of which would be well taken in an ordinary chancery suit. But it seems to me that other considerations should be considered by a court of bankruptcy. When the application for leave to bring the foreclosure suit was heard and granted, it was a question of the trustee under the deed of trust protecting the bondholders' interest; there was not before the court and considered the conditions shown by the petition. The question was:

Was there apparently such an equity in the trustees in bankruptcy as would authorize the court in refusing the lienholders' right to sue independently of the bankrupt proceedings? I reached the conclusion, on that hearing, that there was not, and thereupon granted the leave asked.

The case made by the petition to set the order aside presents an entirely different view. Here are properties of two bankrupt corporations, so connected that neither will bring its full value if sold under distinct processes and showing a conflict of priority of liens claimed which can be expeditiously adjudicated before the Referee. It is apparent, until the priorities and the liens upon the separate pieces of properties are adjudicated, no advantageous sale of them could be made. It seems to me that, under the circumstances of this case as now presented, the permission to bring the suit to foreclose the trust deed should be set aside. If the rights of the lien creditor would be jeopardized, the court would not be justified in withholding consent or setting aside the order heretofore granted; but I do not see how his rights could be jeopardized or his security affected. The bankruptcy court has the right to order the property sold clear of all liens, but can do this intelligently only after those liens have been ascertained, and the processes of the bankruptcy court are the most expeditious to do this.

An order may be entered, setting aside the order granting permission to Ralph D. Kaufman, trustee, but retaining on the files of the court the suit brought pursuant to said order, but staying same, unless the complainant in said cause desires to take issue on the facts set forth in the petition of the trustees in bankruptcy, in which event said complainant may have 10 days to do so.